# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | No. 3:18-CR-519-N |
| | § | |
| STEVEN NGUYEN (11) | § | |

## MEMORANDUM OPINION AND ORDER

By *Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty*, filed May 28, 2021 (doc. 688), this matter has been referred for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why the defendant should not be detained under 18 U.S.C. § 3143(a)(2), and whether it has been shown by clear and convincing evidence that the defendant is likely to flee or pose a danger to any other person in the community if released under 18 U.S.C. § 3142(b) or (c). Also before the Court is Defendant's *Unopposed Motion to Continue His Pre-trial Release,* filed June 15, 2021 (doc. 718).

Steven Nguyen (Defendant) appeared in person and through counsel for a hearing on June 30, 2021. After consideration of the filings, evidence, testimony, oral argument, and applicable law, the Court finds that exceptional reasons have been shown, Defendant's motion is **GRANTED**, and he is continued on her current conditions of pretrial release.

## I. BACKGROUND

Defendant was charged by indictment on October 10, 2018, with conspiracy to possess with intent to distribute cocaine. (*See* doc. 1.) He made his initial appearance on October 19, 2018, and was temporarily detained. (*See* docs. 20, 48.) After a detention hearing on October 26, 2018, he was released on conditions of pretrial release. (*See* docs. 124-125.) On March 31, 2021, he filed a plea

agreement and factual resume in which he agreed to waive his rights and to plead guilty to possession with intent to distribute a controlled substance as alleged in a superseding information. (*See* docs. 637-638.) He appeared and entered his plea of guilty before a U.S. Magistrate Judge on April 22, 2021, who recommended that the guilty plea be accepted. (*See* docs. 651-652.) The recommendation provided notice that upon conviction, Defendant was subject to the mandatory detention provisions of 18 U.S.C. § 3143(a)(2), unless the Court made certain findings. (*See* doc. 652.) The Court accepted the recommendation on May 28, 2021, and referred the matter for hearing and determination of whether Defendant had made the necessary showing to support the findings required for continued release. (*See* doc. 688.) The hearing was continued at Defendant's request. (See docs. 717, 719, 725, 726.)

Defendant's motion contends that this case "*constructively satisfies* § 3143(a)(2)(A)(ii) in such a manner as to render the suggestion of his immediate incarceration unjust." (doc. 718 at 3 (*emphasis original*).) He contends that the factual resume reflects the limited nature of his conduct and role in the conspiracy, i.e., purchase of cocaine for personal use and to give to friends, and that his anticipated offense level will ultimately place him in a sentencing guideline range that would make him eligible for probation. The government does not dispute that the anticipated guideline range in this case would make Defendant eligible for probation. It was not disputed that Defendant has been fully compliant with his conditions of pretrial release and that he is neither a flight risk or danger to the community.

## II. ANALYSIS

Section 3143(a)(2) of Title 18 mandates the detention of persons who have been found guilty of certain offenses and who are awaiting imposition or execution of sentence, except in certain limited

circumstances. It provides:

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>
>> **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>
>> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
>> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). In addition, § 3145(c) provides that a person subject to mandatory detention under this section may also be ordered released if the person meets the conditions of release in § 3143(a)(1),[1] and it is clearly shown that there are exceptional reasons why the person's detention would not be appropriate. *See* 18 U.S.C. § 3145(c); *see also U.S. v. Rothenbach*, 170 F.3d 183 (5th Cir. 1999) (*per curiam*).[2]

The offenses described in § 3142(f)(1)(A)-(C) include crimes of violence, crimes with a life sentence, and drug offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. 801 *et seq*. Because Defendant has been found

---

[1]Section 3143(a)(1) states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

[2]In *U.S. v. Carr*, 947 F.2d 1239, 1240-41 (5th Cir. 1991), the Fifth Circuit explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions". This provision therefore also applies to the initial determination of whether detention is mandatory under § 3143(a)(2) despite its inclusion in a section generally covering appeals.

guilty of a drug offense that falls within the ambit of § 3142(f)(1)(C), her detention pending sentencing is mandatory unless she makes the showings required under § 3143(a)(2) or § 3145(c).

**A.    § 3143(a)(2)(A)(ii)**

Defendant initially argues that his case constructively falls within § 3143(a)(2)(A)(ii) because he will be eligible for a sentence other than imprisonment. As noted, detention is not mandatory if "an attorney for the Government has recommended that no sentence of imprisonment be imposed." 18 U.S.C. § 3143(a)(2)(A)(ii).

Here, Defendant's plea agreement does not contain an agreement under Fed. R. Crim. P. 11(c)(1)(B) for a sentence of probation. *Compare United States v. Myles*, No. 3:13-CR-493-B, 2014 WL 4428383, at *3 (N.D. Tex. Sept. 9, 2014). Because there is no evidence that the Government's attorney has recommended a sentence other than imprisonment, § 3143(a)(2)(A)(ii) does not apply, and Defendant must therefore show exceptional circumstances under § 3145(c).[3]

**B.    § 3145(c)**

Although the Fifth Circuit Court of Appeals has not defined "exceptional circumstances" for purposes of this statute, the Second Circuit has described it as "a unique combination of circumstances giving rise to situations that are out of the ordinary", *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). The Eighth Circuit has explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little,* 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See U.S. v. Cyrus,* No. 10-0228-04, 2010 WL 5437247, *1-2 (W.D. La. Dec. 27, 2010) (need to attend to "secure his home and attend to other personal matters" were not exceptional

---

[3] It is undisputed that Defendant has been fully compliant with her conditions of release, and that she has made the required showing under § 3143(a)(1) by clear and convincing evidence that she is neither a flight risk or a danger.

reasons justifying release pending sentencing); *U.S. v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex.1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *U.S. v. Dempsey*, No. 91-098, 1991 WL 255382, *1-2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *U.S. v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, *1-2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts).

In this case, the Government does not dispute that based on the anticipated guideline range, even without a departure or variance, the Court could sentence Defendant to a term of probation. In *United States v. Brown*, No. 3:18-CR-573-B, 2019 WL 4139402, at *5–6 (N.D.Tex. Aug. 30, 2019), the court found that the possibility that the defendant could receive a probationary sentence because her guideline range was 0-6 months, coupled with her compliance with all of her conditions of release, rose to the level of exceptional circumstances that warranted continued release. Although Defendant faces a higher guideline range than in *Brown*, eligibility for probation in a ten year-plus drug offense case rises to the level of exceptional. In addition, detention under these circumstances would infringe on the sentencing judge's ability to exercise his discretion to impose a term of probation.

### III. CONCLUSION

Defendant has met his burden to clearly show exceptional reasons why he should not be detained pending sentencing, and that he is not a flight risk or danger to the community. He is therefore continued on his current conditions of pretrial release pending sentencing.

**Signed this 30th day of June, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE